MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
HEDIBERTO ACOSTA, *individually and on behalf of others similarly situated,*

                      *Plaintiff*,

      -against-

PURCHASE RUNG CORP. (D/B/A LITTLE THAI KITCHEN), BBR AMERICAN CORP. (D/B/A LITTLE THAI KITCHEN), BBJ GROUP CORP. (D/B/A LITTLE THAI KITCHEN), and BILLY PETER RUNG ,

                      *Defendants.*
--------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Hediberto Acosta ("Plaintiff Acosta" or "Mr. Acosta"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Purchase Rung Corp. (d/b/a Little Thai Kitchen), BBR American Corp. (d/b/a Little Thai Kitchen), BBJ Group Corp. (d/b/a Little Thai Kitchen), ("Defendant Corporations") and Billy Peter Rung, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1.     Plaintiff Acosta is a former employee of Defendants Purchase Rung Corp. (d/b/a Little Thai Kitchen), BBR American Corp. (d/b/a Little Thai Kitchen), BBJ Group Corp. (d/b/a Little Thai Kitchen), and Billy Peter Rung.

2. Defendants own, operate, or control three Thai restaurants, located at 2 Purchase St., Rye, NY 10580 under the name "Little Thai Kitchen", at 13 Popham Rd, Scarsdale, NY 10583 under the name "Little Thai Kitchen", and at 31 S Greeley Ave, Chappaqua, NY 10514 under the name "Little Thai Kitchen".

3. Upon information and belief, individual Defendant Billy Peter Rung, serve or served as owner, manager, principal, or agent of Defendant Corporations and, through these corporate entities, operates or operated the restaurants as a joint or unified enterprise.

4. Plaintiff Acosta was employed as a delivery worker at the restaurants located at 2 Purchase St., Rye, NY 10580, 13 Popham Rd, Scarsdale, NY 10583, and 31 S Greeley Ave, Chappaqua, NY 10514.

5. At all times relevant to this Complaint, Plaintiff Acosta worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Acosta appropriately for any hours worked at the straight rate of pay.

7. Regardless, at all relevant times, Defendants paid Plaintiff Acosta at a rate that was lower than the required tip-credit rate.

8. Defendants' conduct extended beyond Plaintiff Acosta to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Acosta and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

10. Plaintiff Acosta now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938,

29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Acosta seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Acosta's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate three Thai restaurants located in this district. Further, Plaintiff Acosta was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Hediberto Acosta ("Plaintiff Acosta" or "Mr. Acosta") is an adult individual residing in Westchester County, New York.

15. Plaintiff Acosta was employed by Defendants at Little Thai Kitchen from approximately 2017 until on or about May 2020.

16. Plaintiff Acosta consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled three Thai restaurants, located at 2 Purchase St., Rye, NY 10580 under the name "Little Thai Kitchen", at 13 Popham Rd, Scarsdale, NY 10583 under the name "Little Thai Kitchen", and at 31 S Greeley Ave, Chappaqua, NY 10514 under the name "Little Thai Kitchen".

18. Upon information and belief, Purchase Rung Corp. (d/b/a Little Thai Kitchen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 2 Purchase St., Rye, NY 10580.

19. Upon information and belief, BBR American Corp. (d/b/a Little Thai Kitchen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 13 Popham Rd, Scarsdale, NY 10583.

20. Upon information and belief, BBJ Group Corp. (d/b/a Little Thai Kitchen) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 31 S Greeley Ave, Chappaqua, NY 10514.

21. Defendant Billy Peter Rung is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Billy Peter Rung is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Billy Peter Rung possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiff Acosta,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

22. Defendants operate three Thai restaurants located in multiple neighborhoods in Westchester County.

23. Individual Defendant, Billy Peter Rung, possesses operational control over Defendant Corporations, possesses ownership interests in Defendant Corporations, and controls significant functions of Defendant Corporations.

24. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

25. Each Defendant possessed substantial control over Plaintiff Acosta's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Acosta, and all similarly situated individuals, referred to herein.

26. Defendants jointly employed Plaintiff Acosta (and all similarly situated employees) and are Plaintiff Acosta's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

27. In the alternative, Defendants constitute a single employer of Plaintiff Acosta and/or similarly situated individuals.

28. Upon information and belief, Individual Defendant Billy Peter Rung operates Defendant Corporations as either alter egos of himself and/or fails to operate Defendant Corporations as entities legally separate and apart from himself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

b) defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporations for his own benefit as the sole or majority shareholder,

e) operating Defendant Corporations for his own benefit and maintaining control over these corporations as closed Corporations,

f) intermingling assets and debts of his own with Defendant Corporations,

g) diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect his own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

29. At all relevant times, Defendants were Plaintiff Acosta's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Acosta, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Acosta's services.

30. In each year from 2017 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Acosta is a former employee of Defendants who was employed as a delivery worker. Plaintiff Acosta seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Hediberto Acosta*

33. Plaintiff Acosta was employed by Defendants from approximately 2017 until on or about May 2020.

34. Defendants ostensibly employed Plaintiff Acosta as a delivery worker.

35. Plaintiff Acosta regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

36. Plaintiff Acosta's work duties required neither discretion nor independent judgment.

37. From approximately 2017 until on or about May 2020, Plaintiff Acosta worked at the Rye location from approximately 5:00 p.m. until on or about 9:00 p.m. to 9:30 p.m., Tuesdays and Sundays (typically 8 hours per week).

38. For approximately one month in 2017, Plaintiff Acosta worked at the Scarsdale location from approximately 5:00 p.m. until on or about 9:00 p.m., 7 days a week (typically 28 hours per week).

39. For approximately one month in 2017, Plaintiff Acosta worked at the Chappaqua location from approximately 5:00 p.m. until on or about 9:00 p.m., on Fridays (typically 4 hours per week).

40. Throughout his employment, Defendants paid Plaintiff Acosta his wages in cash.

41. From approximately 2017 until on or about May 2020, Defendants paid Plaintiff Acosta $4.00 per hour.

42. Plaintiff Acosta's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

43. For example, Defendants required Plaintiff Acosta to work 30 minutes past his scheduled departure time once a week and did not pay him for the additional time he worked.

44. Defendants never granted Plaintiff Acosta any breaks or meal periods of any kind.

45. Plaintiff Acosta was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

46. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Acosta regarding overtime and wages under the FLSA and NYLL.

47. Defendants did not provide Plaintiff Acosta an accurate statement of wages, as required by NYLL 195(3).

48. Defendants did not give any notice to Plaintiff Acosta, in English and in Spanish (Plaintiff Acosta's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

49. Defendants required Plaintiff Acosta to purchase "tools of the trade" with his own funds—including gas.

*Defendants' General Employment Practices*

50. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Acosta (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

51. Plaintiff Acosta was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

52. Defendants' pay practices resulted in Plaintiff Acosta not receiving payment for all his hours worked, and resulted in Plaintiff Acosta's effective rate of pay falling below the required minimum wage rate.

53. Defendants habitually required Plaintiff Acosta to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

54. Plaintiff Acosta and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

55. In violation of federal and state law as codified above, Defendants classified Plaintiff Acosta and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

56. Defendants failed to inform Plaintiff Acosta who received tips that Defendants intended to take a deduction against Plaintiff Acosta's earned wages for tip income, as required by the NYLL before any deduction may be taken.

57. Defendants failed to inform Plaintiff Acosta who received tips, that his tips were being credited towards the payment of the minimum wage.

58. Defendants failed to maintain a record of tips earned by Plaintiff Acosta who worked as a delivery worker for the tips he received.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60. Defendants paid Plaintiff Acosta his wages in cash.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Acosta (and similarly situated individuals) worked, and to avoid paying Plaintiff Acosta properly for his full hours worked.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Acosta and other similarly situated former workers.

65. Defendants failed to provide Plaintiff Acosta and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum

wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66. Defendants failed to provide Plaintiff Acosta and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67. Plaintiff Acosta brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68. At all relevant times, Plaintiff Acosta and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

69. The claims of Plaintiff Acosta stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70. Plaintiff Acosta repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Acosta's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Acosta (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74. Defendants failed to pay Plaintiff Acosta (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75. Defendants' failure to pay Plaintiff Acosta (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Acosta (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

77. Plaintiff Acosta repeats and realleges all paragraphs above as though fully set forth herein.

78. At all times relevant to this action, Defendants were Plaintiff Acosta's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Acosta, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

79. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Acosta less than the minimum wage.

80. Defendants' failure to pay Plaintiff Acosta the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

81. Plaintiff Acosta was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

82. Plaintiff Acosta repeats and realleges all paragraphs above as though fully set forth herein.

83. Defendants failed to provide Plaintiff Acosta with a written notice, in English and in Spanish (Plaintiff Acosta's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

84. Defendants are liable to Plaintiff Acosta in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

85. Plaintiff Acosta repeats and realleges all paragraphs above as though fully set forth herein.

86. With each payment of wages, Defendants failed to provide Plaintiff Acosta with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

87. Defendants are liable to Plaintiff Acosta in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

88. Plaintiff Acosta repeats and realleges all paragraphs above as though fully set forth herein.

89. Defendants required Plaintiff Acosta to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

90. Plaintiff Acosta was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Acosta respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Acosta and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Acosta's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Acosta and the FLSA Class members;

(e) Awarding Plaintiff Acosta and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Acosta and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for

any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Acosta;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Acosta's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Acosta;

(j) Awarding Plaintiff Acosta damages for the amount of unpaid minimum wage, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Acosta damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Acosta liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Acosta and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Acosta and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal

is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

    (p)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Acosta demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

       July 7, 2020

                                             MICHAEL FAILLACE & ASSOCIATES, P.C.

                             By:      /s/ Michael Faillace
                                           Michael Faillace [MF-8436]
                                           60 East 42nd Street, Suite 4510
                                           New York, New York 10165
                                           Telephone: (212) 317-1200
                                           Facsimile: (212) 317-1620
                                           *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165  
Faillace@employmentcomplieance.com

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

July 7, 2020

BY ELECTRONIC SIGNATURE

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Hediberto Acosta

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:      _____

Date / Fecha:           8 de julio 2020

*Certified as a minority-owned business in the State New York*          *1*